# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:12-CV-00348-DSC

| | |
|---|---|
| BV RETAIL, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>JAMES M. DONNELLY AND STACY D. )<br>TAKATS, )<br>)<br>Defendants. ) | **ORDER** |

**THIS MATTER** is before the Court on Defendant's "Motion for Summary Judgment," Doc. 33, filed May 21, 2013 and the parties' associated briefs and exhibits, Docs. 34, 41 and 44, and "BV Retail, LLC's Motion for Summary Judgment and Incorporated Memorandum in Support," Doc. 38, and the parties' associated briefs and exhibits, Docs. 45 and 49.

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. § 636 (c). These Motions are now ripe for the Court's consideration.

After fully considering the arguments, the record, and the applicable authority, the Court **DENIES** Defendant's Motion for Summary Judgment and **DENIES** Plaintiff's Motion for Summary Judgment, as discussed below.

## I. FACTUAL AND PROCEDURAL BACKGROUND

This action involves a Guaranty of Lease (the "Guaranty") where Defendants agreed to personally guarantee Emerson Joseph, LLC's obligations under a Lease Agreement it entered into with Plaintiff.

## II. STANDARD OF REVIEW

Summary judgment is only appropriate where the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. A genuine issue of material fact exists if a reasonable juror considering the evidence could return a verdict for the non-moving party. Shaw v. Stroud, 13 F.3d 791, 798 (4th Cir.1994). Although the moving party bears the initial burden of stating the basis for its motion and identifying what evidence demonstrates the absence of a genuine issue of material fact, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The facts must be viewed in the light most favorable to the non-moving party, and where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial. See Ricci v. DeStefano, 557 U.S. 557, 585 (2009) (citations omitted).

"The non-moving party may not rely on beliefs, conjecture, speculation, or conclusory allegations to defeat a motion for summary judgment." Coleman v. United States, 369 F. App'x 459, 461 (4th Cir. 2010) (citing Baber v. Hosp. Corp. of Am., 977 F.2d 872, 875 (4th Cir.1992)). Instead, a party asserting that a fact cannot be or is genuinely disputed must cite to particular materials in the record, including depositions, documentary evidence, affidavits and declarations. Fed.R.Civ.P. 56(c). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247–48 (1986) (emphasis in original).

## III. DISCUSSION

**A. Defendants' Motion for Summary Judgment on Breach of Guaranty and Attorneys' Fees under Guaranty**

The Court determines that, taking the evidence in the light most favorable to Plaintiff, a reasonable jury could find for them with regard to their claims for breach of the Guaranty and for attorneys' fees. See St. Paul Fire & Marine Ins. Co. v. Freeman-White Assocs., Inc., 366 S.E.2d 480, 484 (1988) ("The fact that a dispute has arisen as to the parties' interpretation of the contract is some indication that the language of the contract is, at best, ambiguous."); Crider v. Jones Island Club, Inc., 554 S.E.2d 863, 866–67 (N.C. App. 2001)(stating that if both parties' competing interpretations are reasonable, then the contract is ambiguous). When a contract is ambiguous, its interpretation is a question of fact for the jury, and summary judgment is inappropriate. Schenkel & Shultz, Inc. v. Hermon F. Fox & Assocs., P.C., 658 S.E.2d 918, 923 (N.C. 2008). Therefore, the Court **DENIES** Defendant's Motion for Summary Judgment.

**B. Plaintiff's Motion for Summary Judgment**

The Court determines that, taking the evidence in the light most favorable to Defendants, a reasonable jury could find in favor of them under the Guaranty, as discussed above. Plaintiff also moves for summary judgment on Defendants' counterclaims for fraud and unfair and deceptive trade practices. The Court finds that Defendants have presented sufficient evidence to give rise to a material issue of fact as to each of their counterclaims. Therefore, the Court **DENIES** Plaintiff's Motion for Summary Judgment.

## IV. ORDER

**NOW, THEREFORE, IT IS ORDERED** that Defendant's "Motion for Summary Judgment," Doc. 33, is **DENIED** and "BV Retail, LLC's Motion for Summary Judgment and Incorporated Memorandum in Support," Doc. 38, is **DENIED**.

The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED.**

.

Signed: July 26, 2013

David S. Cayer
United States Magistrate Judge